ROLPH v. ROOD.

1. WILLS—ESTATES OF DECEDENTS—PARTITION—NECESSITY OF PROBATE—PARTIES.

    In order to obtain a sufficient title upon which to found a bill in partition proceedings by one of the devisees who claims title through the will of a deceased ancestor, resident of a foreign jurisdiction, it is necessary that the instrument be admitted to probate in the courts of this State. 3 Comp. Laws, §§ 9281, 9282 (4 How. Stat. [2d Ed.] §§ 10991, 10992).

2. ESTATES OF DECEDENTS—WILLS—PROBATE.

    Administration of a will in the probate courts of the State of Illinois without ancillary proceedings in Michigan is insufficient to pass title to the devisees of real property under the will of a decedent who resided in Illinois, owning realty in this State.

3. PARTITION—DEVISES.

    In partition brought by the devisees under the will of their deceased mother, no sufficient title to support the bill was established by proofs that the will under which the heirs took title had never been presented for probate in the county in which decedent resided and in which the land was located; the will having been admitted to probate in a foreign State where the devisor resided when she died.

Appeal from Kalamazoo; Stewart, J. Submitted June 17, 1914. (Docket No. 93.) Decided October 2, 1914.

Bill by Charles N. Rolph and others against William C. Rood and others for partition. From a decree for defendants, complainants appeal. Affirmed.

*Lincoln H. Titus,* for complainants.

*Clare H. Stearns,* for defendants.

BROOKE, J. Leonidas Rood of the county of Kalamazoo, Mich., died on the 13th day of October, 1897. He left a last will and testament, by the terms of which he left the use of 100 acres, his home farm, to his wife, Electa M. Rood, for the term of her natural life. The testator then devised the fee in said home farm of 100 acres to his four children, share and share alike. The wife of Leonidas, Electa M. Rood, died on the 18th day of May, 1912. One of the four children, devisees of the fee of said farm, was Mary E. Rolph. The domicile of said Mary E. Rolph was Seneca, in the State of Illinois, where she resided for many years. She made and executed a last will and testament on the 7th day of December, 1899, in the State of Illinois, and on the 22d day of February, 1911, she made, executed, and annexed to said will a codicil. She died on the 16th day of March, 1911, a little more than one year prior to the death of her mother. By the terms of her will she devised all her real and personal estate to one Hosmer Chapman in trust. The terms of the trust are not important, except that the estate was to be used for the benefit of her children and finally to be paid to them. By the terms of the codicil, she changed her appointment of administrator from Hosmer Chapman to C. H. R. Thomas and made the following change with reference to her property:

"*First.* All money coming to me after my death (crops excepted) from my father's estate or from any brother or estate of such to be divided and any of my children over twenty-three years of age to have their share at once—while the shares of children under twenty-three are to be put at interest until they reach that age when it is to be given to them."

This will was duly admitted to probate in La Salle county, State of Illinois. No ancillary administration was had upon the estate of Mary E. Rolph in the State of Michigan. The complainants are the heirs at law and devisees under the last will and testament of Mary E. Rolph. Their bill is filed for the purpose of securing partition of the farm, the fee in one-fourth of which was devised to their mother, by Leonidas Rood, their grandfather. To the bill of complaint was attached an alleged copy of the will of Mary E. Rolph and an alleged copy of the order admitting said will to probate in the State of Illinois. An answer was filed admitting the material allegations of the bill, but denying the right of complainants to partition of the farm in question. Upon the hearing, when it had become apparent to the court that no ancillary administration had been had in the State of Michigan, a decree was entered dismissing the bill. From this decree complainants appeal.

Counsel for appellants in his brief argues and cites many cases in support of the argument that heirs have such an estate in possession of the inheritance as will enable them to maintain a bill in equity for partition, notwithstanding the existence of the power of the administrator to take possession under the statute, and that partition need not await the full settlement of the ancestor's estate. We find no difficulty in agreeing with counsel for appellant as to the legal principles stated in his brief. We are, however, of opinion that they are not applicable in the case at bar. The com-

plainants do not take the estate of Mary E. Rolph as heirs, but they must of necessity take it as devisees under her will, because in that will she disposed of her entire estate, both real and personal. There is therefore no intestate estate.

Section 9281, 3 Comp. Laws (4 How. Stat. [2d Ed.] § 10991), provides:

"No will shall be effectual to pass either real or personal estate, unless it shall have been duly proved and allowed in the probate court as provided in this chapter, or on appeal, in the circuit court or Supreme Court; and the probate of a will of real or personal estate, as above mentioned, shall be conclusive as to its due execution."

Section 9282 (4 How. Stat. [2d Ed.] § 10992), provides:

"That any will duly admitted to probate without the probate court of any county in this State in which the testator left real or personal estate, and in the place of the testator's domicile, may be duly admitted to probate and recorded in this State by duly filing an exemplified copy of said will and of the record admitting the same to probate; and proceeding in the manner hereinafter provided."

As complainants must take as devisees under the will of Mary E. Rolph and not as her heirs, and as her real estate in the State of Michigan must pass to them by virtue of her will, we are of opinion that ancillary administration must be had under the terms of the statute, *supra.*

The decree of the circuit court is affirmed, with costs.

McALVAY, C. J., and KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.